**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF**
**DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| TUDOR, ADRIAN L | § | Case No. 05-55970 TAB |
| TUDOR, FLORINA M | § | |
| | § | |
| Debtor(s) | § | |

**NOTICE OF TRUSTEE'S FINAL REPORT AND**
**APPLICATIONS FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that RONALD R. PETERSON, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

        CLERK OF THE U.S. BANKRUPTCY COURT
        KENNETH S. GARDNER
        219 S. Dearborn St.
        Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 AM on 04/15/2015 in Courtroom 613,
        UNITED STATES BANKRUPTCY COURT
        219 S. Dearborn St.
        Chicago, IL  60604
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 03/12/2015                By: UNITED STATES BANKRUPTCY
                                                     COURT
                                                                        Clerk

*RONALD R. PETERSON*
*JENNER & BLOCK LLP*
*353 N. CLARK STREET*
*CHICAGO, IL 60654-3456*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS
CHICAGO **DIVISION**

| In re: | § | |
|---|---|---|
| | § | |
| | § | |
| TUDOR, ADRIAN L | § | Case No. 05-55970 TAB |
| TUDOR, FLORINA M | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

The Final Report shows receipts of                                               $

and approved disbursements of                                                    $

leaving a balance on hand of[1]                                                  $


Claims of secured creditors will be paid as follows:

NONE


Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: RONALD R. PETERSON | $ | $ | $ |
| Trustee Expenses: RONALD R. PETERSON | $ | $ | $ |
| Attorney for Trustee Fees: JENNER & BLOCK LLP | $ | $ | $ |
| Other: JENNER & BLOCK LLP | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses                           $_____

Remaining Balance                                                                $_____

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank/Discover Financial Services PO Box 8003 Hilliard OH 43026 | $ | $ | $ |
| 000002 | Discover Bank/Discover Financial Services PO Box 8003 Hilliard OH 43026 | $ | $ | $ |
| 000003 | Discover Bank/Discover Financial Services PO Box 8003 Hilliard OH 43026 | $ | $ | $ |
| 000004 | American Express Bank FSB c/o Becket and Lee LLP POB 3001 Malvern PA 19355-0701 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000005 | SMC c/o HSBC Bank Nevada NA - Carson Pirie Scott<br>BOX 19249<br>SUGARLAND TX 77496 | $ | $ | $ |
| 000006 | Chase Bank USA, N.A.<br>c/o Weinstein & Riley, P.S.<br>2101 4th Avenue, Suite 900<br>Seattle, WA, 98121 | $ | $ | $ |
| 000007 | Chase Bank USA, N.A.<br>c/o Weinstein & Riley, P.S.<br>2101 4th Avenue, Suite 900<br>Seattle, WA, 98121 | $ | $ | $ |
| 000008 | Chase Bank USA, N.A.<br>c/o Weinstein & Riley, P.S.<br>2101 4th Avenue, Suite 900<br>Seattle, WA, 98121 | $ | $ | $ |
| 000009 | Chase Bank USA, N.A.<br>c/o Weinstein & Riley, P.S.<br>2101 4th Avenue, Suite 900<br>Seattle, WA, 98121 | $ | $ | $ |
| 000010 | Chase Bank USA, N.A.<br>c/o Weinstein & Riley, P.S.<br>2101 4th Avenue, Suite 900<br>Seattle, WA, 98121 | $ | $ | $ |
| 000011 | American Express Bank FSB<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | $ | $ | $ |
| 000012 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000013 | American Express Bank FSB<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | $ | $ | $ |
| 000014 | Lord & Taylor<br>111 Boulder Industrial Dr<br>Bridgeton MO 63044 | $ | $ | $ |
| 000015A | Dell Financial Services, L.P.<br>12234B North I-35<br>Austin, Texas 78753-1705 | $ | $ | $ |
| 000015B | Dell Financial Services, L.P.<br>12234B North I-35<br>Austin, Texas 78753-1705 | $ | $ | $ |
| 000016 | GREAT AMERICAN FINANCE CO. 205 W. WACKER DR.CHICAG | $ | $ | $ |
| 000019 | Citibank (South Dakota), N.A.<br>Citibank/Choice Exception Payment Processing<br>Pob 6305<br>The Lakes NV 88901 | $ | $ | $ |
| 000020 | Citibank (USA) NA<br>Pob 182149<br>Columbus OH 43218 | $ | $ | $ |
| 000021 | Citibank (USA) NA<br>Pob 182149<br>Columbus OH 43218 | $ | $ | $ |
| 000022 | Schneider Finance<br>POB 2750<br>Green Bay, WI 54306 | $ | $ | $ |
| 000023 | MBNA America Bank NA<br>Mailstop DE5-014-02-03<br>Pob 15168<br>Wilmington DE 19850 | $ | $ | $ |

Total to be paid to timely general unsecured creditors $_____

Remaining Balance $_____

Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be \_\_\_\_\_ percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000024 | eCAST Settlement Corporation assignee of Chase Bank USA NA POB 35480 Newark NJ 07193-5480 | $ | $ | $ |

Total to be paid to tardy general unsecured creditors $_____

Remaining Balance $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be \_\_\_\_\_ percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/Ronald R. Peterson_____
Trustee

*RONALD R. PETERSON*
*JENNER & BLOCK LLP*
*353 N. CLARK STREET*
*CHICAGO, IL 60654-3456*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.